**AD–HOC COMMITTEE OF the BARUCH BLACK AND HISPANIC ALUMNI ASSOCIATION; Joseph Sellman, on behalf of himself and all others similarly situated, Plaintiffs–Appellants,**

v.

**BERNARD M. BARUCH COLLEGE; Joel Segall in his official capacity, Defendants–Appellees.**

**No. 202, Docket 87–7019.**

United States Court of Appeals, Second Circuit.

Argued Nov. 13, 1987.

Decided Dec. 22, 1987.

David Cole, Center for Constitutional Rights, New York City (Frank E. Deale, Michael Ratner, Center for Constitutional Rights, New York City, of counsel), for plaintiffs-appellants.

David B. Rigney, Office of the Gen. Counsel and Vice Chancellor for Legal Affairs, The City University of New York, New York City (Pamela S. Dwyer, Office of the Gen. Counsel and Vice Chancellor for Legal Affairs, The City University of New York, New York City, of counsel), for defendants-appellees.

Jonathan H. Hines, Philippe Benoit, Debevoise & Plimpton, New York City, Wilhelm Joseph, National Conference of Black Lawyers, New York City, of counsel, for amici curiae The Nat. Conference of Black Lawyers and The Nat. Black Law Students Ass'n.

Before TIMBERS, MESKILL and KEARSE, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from an order entered in the United States District Court for the Southern District of New York, Owen, *J.*, dated December 15, 1986, dismissing plaintiffs-appellants' complaint pursuant to Fed. R.Civ.P. 12(c). Plaintiffs are alumni of Bernard M. Baruch College (Baruch College or the College), a branch of the City University of New York. They seek to form an alumni association dedicated to the concerns of minority students and alumni of Baruch College which will be incorporated and officially recognized as the Bernard M. Baruch Black and Hispanic Alumni Association (Black and Hispanic Alumni Association). Plaintiffs are collectively known

as the Ad–Hoc Committee of the Baruch Black and Hispanic Alumni Association (Ad–Hoc Committee). They have brought a class action alleging that Baruch College's selective refusal to grant recognition to their group, while having granted official recognition to another alumni association, the Bernard M. Baruch Alumni Association, Inc. (Baruch Alumni Association), violated among other things the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. We hold that the district court erred in dismissing the action at this point in the proceedings. We therefore vacate the district court's order and remand the case to the district court for further proceedings.

## BACKGROUND

In recent years, increasing numbers of Black and Hispanic students have enrolled at Baruch College. For example, in the freshman class entering the College in the fall of 1983, 417 students were Caucasian, 395 were Black, 176 were Hispanic and 157 were Asian. The plaintiffs desire to form an alumni association that will address the particular interests of minority students and alumni of Baruch College, including job opportunities and the high dropout rate among minority students. Under the proposed by-laws of the Black and Hispanic Alumni Association, membership would be open to all graduates of Baruch College, students in the senior class, faculty and staff, without regard to race or ethnic origin.

In November 1982 the Ad–Hoc Committee by letter informed Joel Segall, the President of Baruch College, of its intent to form the Black and Hispanic Alumni Association. Segall responded by letter in December 1982, stating that he was pleased that the group was forming, but adding that another alumni association already had been established. He noted that although the existing alumni association's activities "would not bar your group from forming to serve purposes and needs that are special to you and perhaps not within the broader purview of the Alumni Association," he hoped that the plaintiffs' group would "ally itself actively" with the existing alumni association.

Plaintiffs proceeded to prepare a certificate of incorporation for the Black and Hispanic Alumni Association, but they were unable to file the certificate without the approval of Segall. In April 1984, members of the Ad–Hoc Committee met with Segall and other members of the college administration to discuss formal recognition of the Black and Hispanic Alumni Association. At this meeting, Segall asserted that he would only support the group if it became a part of the existing alumni association. A member of the Baruch College administration later suggested that the plaintiffs form a "presidential advisory committee" rather than an officially sanctioned alumni association, but the plaintiffs rejected that proposal.

Because of its status as an unrecognized association, the Ad–Hoc Committee was denied access by the defendants to meeting rooms on campus; officially recognized associations, such as the Baruch Alumni Association, are permitted to use campus facilities for their activities. In addition, plaintiffs learned that the Dean of Students of the College encouraged students not to sponsor rooms on campus for meetings with the Ad–Hoc Committee.

The plaintiffs brought this class action suit contending that the defendants' refusal to treat their group in the same manner as the other alumni association violated 42 U.S.C. § 1983 (1982), the First Amendment, the Fifth Amendment, the Thirteenth Amendment and the Fourteenth Amendment. After defendants had answered the complaint and plaintiffs had moved for class certification, defendants moved to dismiss the action for failure to state a claim upon which relief can be granted.

On December 15, 1986, the district court granted the defendants' motion and dismissed the complaint under Fed.R.Civ.P. 12(c), stating that plaintiffs did not "cite activities by defendants which could even arguably be construed as violative of such constitutional rights. On the contrary, the complaint shows that plaintiffs have met freely with each other, have formed an

association, and have spoken out on issues they regard as important." The court concluded that the closest the plaintiffs came to stating a claim was an argument based on *Healy v. James*, 408 U.S. 169, 92 S.Ct. 2338, 33 L.Ed.2d 266 (1972), in which the Supreme Court unanimously held that a state-supported college had violated the First Amendment rights of students who sought to form a local chapter of Students for a Democratic Society by denying them official recognition as a campus organization. The court distinguished *Healy*, correctly noting that an alumni group rather than a student group was involved in the instant case. It concluded that as there already was a recognized alumni association that was open to all, the College's denial of official separate recognition to the plaintiffs' group did not result in the "chilling" of plaintiffs' rights to speak and organize. The district court added that because the existing alumni association was open to all, the defendants had not violated the Equal Protection Clause.

On appeal, the Ad–Hoc Committee contends that the district court erred in dismissing the complaint.

## DISCUSSION

In this case, the defendants moved to dismiss the complaint for failure to state a claim after they had answered the complaint. The district court granted the motion pursuant to Fed.R.Civ.P. 12(c); no matters outside the pleadings were considered and thus this motion was not converted into one for summary judgment under Fed.R.Civ.P. 56. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1371, at 704 (1969). Although the motion was dismissed under Fed.R.Civ.P. 12(c), the same standards that are employed for dismissing a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) are applicable here. *See* Fed.R.Civ.P. 12(h)(2); 5 C. Wright & A. Miller, *supra*, § 1367, at 688–89. Under these standards, a court must accept the allegations contained in the complaint as true. *See, e.g., Fine v. City of New York*, 529 F.2d 70, 75 (2d Cir.1975). In addition, a court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

We conclude that under these standards, the district court dismissed the plaintiffs' complaint prematurely. The allegations in the complaint should be construed liberally in favor of the plaintiffs. *See* Fed.R.Civ.P. 8(f); *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969). When so construed, it does not appear beyond doubt that plaintiffs will be unable to present any set of facts to support their claims that their constitutional rights have been violated. For example, it is possible that plaintiffs could demonstrate that the College's selective denial of official recognition to their alumni association was improperly motivated by discrimination based on political viewpoint or race. It is important to examine the proffered justifications for a college's selective denial of recognition to an organization. *See Healy v. James*, 408 U.S. at 184–85, 92 S.Ct. at 2347–48. Mere disagreement with the group's philosophy is not an adequate ground for denial of First Amendment rights because a state college cannot "restrict speech or association simply because it finds the views expressed by any group to be abhorrent." *Id.* at 187–88, 92 S.Ct. at 2349. " '[T]he freedoms of speech, press, petition and assembly guaranteed by the First Amendment must be accorded to the ideas we hate or sooner or later they will be denied to the ideas we cherish.' " *Id.* at 188, 92 S.Ct. at 2349 (quoting *Communist Party of the United States v. Subversive Activities Control Board*, 367 U.S. 1, 137, 81 S.Ct. 1357, 1431, 6 L.Ed.2d 625 (1961) (Black, *J.*, dissenting)). In this case, the College has not yet offered any justification for its denial of recognition to the Black and Hispanic Alumni Association, and thus it is impossible to determine at this stage whether this action was motivated by a desire to "discourage one viewpoint and advance another" in violation of the First Amendment. *See Perry Education Ass'n v. Perry Local Educators' Ass'n*,

460 U.S. 37, 49, 103 S.Ct. 948, 957, 74 L.Ed.2d 794 (1983) (indicating that strict scrutiny analysis should be applied when public officials attempt to suppress expression merely because they oppose the speaker's views). *See also Searcey v. Crim*, 815 F.2d 1389, 1394–95 (11th Cir.1987) (holding that Board of Education's policy of barring "peace organizations" from presenting career information to students violated First Amendment where Board allowed other organizations to disseminate such information and failed to offer any justifications as to why it was reasonable to deny plaintiff organizations these limited access rights); *Gay Student Services v. Texas A & M University*, 737 F.2d 1317, 1333 (5th Cir. 1984) (holding that where university has opened its forum to other similar student groups, its denial of recognition to homosexual student group was the sort of viewpoint based discrimination forbidden by *Perry* and was invalid under the First Amendment unless the university could support this discrimination by providing a compelling reason for its actions), *cert. denied*, 471 U.S. 1001, 105 S.Ct. 1860, 85 L.Ed.2d 155 (1985).

Moreover, as the Supreme Court noted in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265–66, 97 S.Ct. 555, 564, 50 L.Ed.2d 450 (1977), the determination whether an action is motivated by an invidious racially discriminatory purpose and therefore is in violation of the Equal Protection Clause "demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." No such inquiry was conducted in the instant case.

We thus conclude that the district court erred in dismissing the plaintiffs' complaint at this preliminary point in the proceedings without any record establishing the College's justifications for its denial of official recognition to the Black and Hispanic Alumni Association. Accordingly, the district court's order dismissing the complaint for failure to state a claim is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion. In remanding, we express no opinion as to the merits of the plaintiffs' constitutional claims.