Raymond WYNN, Plaintiff,

v.

D. UHLER, Sergeant at Clinton Correctional Facility; and P.J. Welch, Captain, Defendants.

Civil Action No. 93–CV–1515 (RSP).

United States District Court,
N.D. New York.

Oct. 16, 1996.

Raymond Wynn, Moravia, NY, pro se.

Dennis C. Vacco, New York State Attorney General, Department of Law (Sue H.R. Adler, Robert A. Siegfried, Assistant Attorneys General, of counsel), Albany, NY, for Defendants.

## ORDER

POOLER, District Judge.

The above matter comes to me following a report-recommendation by Magistrate Judge Gustave J. DiBianco duly filed on the 22nd day of August, 1996. Following ten days from the service thereof, the clerk has sent me the entire file, including any and all objections filed by the parties herein. Defendants submitted timely written objections.

Defendants moved pursuant to Fed. R.Civ.P. 12(c) for a judgment on the pleadings dismissing plaintiff's civil rights complaint. Defendants relied on *Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2302, 132 L.Ed.2d 418 (1995), and argued only that plaintiff had no valid cause of action because his confinement in punitive segregation for ninety days was not an atypical and significant deprivation giving rise to a due process claim under *Sandin.* Def.Mem., Dkt. No. 34, at 4. In his report-recommendation, the magistrate judge offered a different interpretation of *Sandin* in light of preexisting Supreme Court precedent and recommended that *Sandin* be held either (1) to not change the court's analysis of due process claims when a loss of good time or an indefinite sentence to punitive segregation is a potential outcome of the challenged hearing, or (2) at a minimum to require fact finding to properly determine whether a potential punishment is atypical or significant. Report–Recommendation, Dkt. No. 35, at 16. Accordingly, the magistrate judge recommended that the defendants' motion for judgment on the pleadings be denied.

In their objections, defendants disagree with the magistrate judge's legal interpretation. Defendants urge that I read *Sandin* to hold that a successful plaintiff must show (1)

that the confinement or restraint creates an atypical and significant hardship; and (2) that the state has granted its inmates, by regulation or statute, a protected liberty interest in remaining free from that confinement or restraint. Def.Obj., Dkt. No. 37, at 5 (citing *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir.1996)). Defendants now acknowledge that judgment on the pleadings is not appropriate for the fact-bound first requirement, but they argue that there is no need to develop a factual record in this case because the plaintiff fails to satisfy the second, purely legal, requirement. Def.Obj., Dkt. No. 37, at 5.

## DISCUSSION

### I.  Standard of Review

Because defendants have filed objections, I must review the magistrate judge's recommendations *de novo*. 28 U.S.C. § 636(b)(1).

### II.  Judgment on the Pleadings

■ The Rule 12(c) standard for judgment on the pleadings is essentially the same as that which I apply to a motion under Fed. R.Civ.P. 12(b)(6). *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994); *see also Juster Assoc. v. City of Rutland, Vt.*, 901 F.2d 266, 269 (2d Cir.1990). In reviewing the motion, I must accept as true all allegations in the complaint and draw all inferences in favor of the non-moving party. *Sheppard*, 18 F.3d at 150. I may not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ad–Hoc Committee Of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

### III.  State–Created Liberty Interest

■ Defendants argue that in analyzing whether a state has created a liberty interest, the court should look to the nature of the interest at stake. Citing cases concerning prisoners' lack of a liberty interest in rehabilitative programming, defendants argue that plaintiff had no statutory entitlement to be free from assignment to the SHU or to remain in the general prison population because "while various sections of the Correction Law require provision for programming and inmate classification, no particular level of programming is required for any inmate, and there is no limitation on the Commissioner's discretion." Def.Obj., Dkt. No. 37, at 7 (citations omitted). Defendants state that "[i]t is settled in New York that prisoners have no statutory, constitutional, or precedential right to specific housing or programming." *Id.* (citations omitted).

Defendants' objections in this regard are without merit. The plaintiff complains of an unconstitutional abridgment of his right to be free from disciplinary segregation, not of the violation of any "precedential right to specific housing or programming." This court held, when considering these defendants' 12(b)(6) motion to dismiss for failure to state a claim, that the plaintiff's complaint sufficiently alleged a due process claim against these defendants, i.e., that there was insufficient evidence to convict him of the disciplinary charges.

Next defendants argue that my prior holding does not survive *Sandin* because *Sandin* 'abandoned the framework established in *Hewitt* for analyzing whether a prisoner who is subjected to disciplinary confinement has been deprived of a liberty interest.' Def. Obj., Dkt. No. 37, at 10 (citing *Frazier v. Coughlin*, 81 F.3d at 317). Now, defendants argue, the court must look only to whether the interest created is one of "real substance."

■ Defendants' arguments miss the mark. In *Frazier*, the Second Circuit reaffirmed that the *Hewitt* analysis is still a necessary component in a due process liberty interest determination. 81 F.3d at 317. The court stated that "nothing in *Sandin* suggests that a protected liberty interest arises in the absence of a particular state regulation or statute that (*under Hewitt*) would create one." *Id.* (emphasis added). The Second Circuit requires *both* that the confinement create an atypical and significant hardship under *Sandin* and that the state has granted

its inmates a protected liberty interest under *Hewitt. Id.* The *Sandin* 'atypical and significant' requirement, which abides fact finding, ensures that the interest created under *Hewitt* is one of "real substance."

Consequently, I agree with the magistrate judge's finding that the court's prior determination that plaintiff has stated a claim remains unchanged.

## CONCLUSION

After careful review of all of the papers herein, including the Magistrate Judge's Report–Recommendation, it is

ORDERED, that:

1. The Report–Recommendation is approved.

2. Defendants' motion to dismiss the action on the pleadings is denied.

3. Defendants' motion in the alternative for an extension of the time in which to file additional motions is granted, and the matter is referred to the magistrate judge for scheduling.

IT IS SO ORDERED.