Robert J. CIRINO, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 97 CV 5437(ADS).

United States District Court, E.D. New York.

Feb. 11, 1999.

Binder and Binder by Charles E. Binder, Jericho, New York, for plaintiff.

Zachary W. Carter, United States Attorney, E.D.N.Y. by Paul Kaufmann, Assist. U.S. Atty., Brooklyn, New York, for defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff, Robert J. Cirino ("Cirino" or the "plaintiff") commenced this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g) seeking review of the final administrative determination of the defendant, the Commissioner of the Social Security Administration (the "defendant" or the "Commissioner") finding that the plaintiff was not entitled to a period of disability or disability insurance benefits under sections 216(i) and 223 of the Act.

Presently before the Court is the defendant's motion for judgment on the pleadings as well as the plaintiff's cross-motion for judgment on the pleadings, both pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

## I. BACKGROUND

### A. *Procedural History*

Cirino filed an application for Social Security disability benefits on August 19, 1994. His application was denied, both initially on January 27, 1995 and on reconsideration on April 13, 1995. A hearing with regard to the denial of disability benefits was held before Administrative Law Judge Jerome J. Feiner ("ALJ") on April 9, 1996. Judge Feiner confirmed the denial of disability benefits. Judge Feiner's decision was affirmed by the Appeals Council on July 24, 1997. Cirino now appeals to this Court.

### B. *Factual Background*

Cirino, who is now sixty-three years of age, was employed as a New York City fire fighter for twenty seven years, from January 7, 1967 to January 31, 1994. His duties included work in an engine company and an aerial ladder company.

In May, 1994 Cirino was diagnosed with a sleeping disorder known as sleep apnea, which is the temporary cessation of breathing during sleep. In order to be diagnosed with sleep apnea, the cessation of breathing must last for at least ten seconds and occur thirty or more times during a seven hour

period of sleep. *See* 13 Attorneys' Textbook of Medicine ¶¶ 108.50, 108.53–55 (3d ed.1998).

Cirino was treated for sleep apnea at The Sleep Wake Disorders Center at The Long Island Jewish Medical Center in July, 1994. The treatment consisted of continuous nasal positive airway pressure therapy ("CPAP"). (Tr. at 113). This therapy eventually cured Cirino's disorder and his sleep became continuous and uninterrupted.

Cirino was also diagnosed with hypertension on April 1, 1993 and daily medication was prescribed in order to bring his blood pressure under control. In addition, Cirino was given an echocardiogram which indicated that he had left ventricular hypertrophy and left atrial enlargement with mild left ventricular dysfunction. The record does not indicate whether Cirino received any treatment in relation to these cardiac disorders. As a result of the hypertension diagnosis, Cirino was put on "light duty" and was therefore unable to continue to actively fight fires. Instead, Cirino was given various other duties including inspection of buildings, making deliveries, and doing data entry on a computer. Cirino retired from the fire department on January 31, 1994.

### C. *The Hearing*

At the hearing held before the ALJ on April 9, 1996, Cirino testified regarding his physical condition. He stated that he was able to do light housework, walk 15–20 minutes a day, mow his lawn (a sixty foot by one hundred foot lot), visit the race track two times per week, visit friends and relatives frequently, and use his computer at home for two hours per day. In contrast to Cirino's treating physician, Dr. Harley Greenberg of the Sleep–Wake Disorders Center at the Long Island Jewish Medical Center, who indicated that Cirino was cured of sleep apnea, Cirino himself testified that he was unable to return to work as a fire fighter or a messenger at the fire department because of the constant fatigue that he experienced due to sleep apnea.

### D. *The ALJ's Decision*

The ALJ issued a decision on April 17, 1996 finding that Cirino was not disabled as defined in Section 223(d)(1)(A) of the Social Security Act. The ALJ noted that "the claimant is not disabled because he can perform sedentary and light work, including the light work he did as a fire inspector and messenger, and the sedentary work he did as a data entry clerk. He therefore, is not eligible for a period of disability." (Tr. at 28–29). In addition, the ALJ held that, although Cirino did have hypertension and claimed to have sleep apnea, "the severity of these impairments does not meet or equal the medical criteria of a listed impairment." (Tr. at 30).

Cirino requested that the Appeals Council review the ALJ's decision denying his request for disability benefits. In support of his application for review, Cirino submitted a "vocational evaluation" that stated that he was unable to perform work as a fire fighter; that he would be unable to transfer his skills to other types of occupations; that he was unable to perform any sedentary, light, medium, heavy, or very heavy work; and that he was unemployable for any job existing in the competitive labor market.

On July 24, 1997 the Appeals Council, without a written opinion, denied the plaintiff's request for review pursuant to 20 C.F.R. § 404.970.

## II. DISCUSSION

### A. *Standard for Rule 12(c) Motion for Judgment on the Pleadings*

Under Rule 12(c) of the Fed.R.Civ.P. the Court must apply the same standard of review as applicable to a motion to dismiss under Rule 12(b)(6). *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994); *S.O. Textiles v. A & E Products Group,* 18 F.Supp.2d 232, 238 (E.D.N.Y.1998). Under this test "the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sheppard,* 18 F.3d at 150 (quoting *Ad–Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College,*

835 F.2d 980, 982 (2d Cir.1987)) (citations omitted).

### B. *Scope of District Court's Review of ALJ's Findings*

Judicial Review of an ALJ's ruling denying Social Security benefits is limited. *Yancey v. Apfel,* 145 F.3d 106, 111 (2d Cir.1998). In examining the ALJ's decision "it is not the [Court's] function to determine de novo whether the [plaintiff] is disabled". *Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir.1998) (quoting *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir.1996)) (internal quotation marks omitted). "Rather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard". *Schaal,* 134 F.3d at 501 (quoting *Beauvoir v. Chater,* 104 F.3d 1432, 1433 (2d Cir.1997)) (citations omitted). Substantial evidence is more than a mere scintilla. *Schaal,* 134 F.3d at 501 (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)) (citations omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the findings are supported by adequate evidence "the Court should not substitute its judgment for that of the Commissioner." *Yancey,* 145 F.3d at 111; *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991). The determinations of the Commissioner will be conclusive if supported by substantial evidence and where there is no legal error. 42 U.S.C. § 405(g); *Aubeuf v. Schweiker,* 649 F.2d 107, 112 (2d Cir.1981); *Smith v. Shalala,* 856 F.Supp. 118, 121 (E.D.N.Y.1994). Finally, the ALJ has an affirmative obligation to develop the administrative record even when the claimant is represented by counsel. *Schaal,* 134 F.3d at 505.

### C. *Qualifying for Social Security Disability Benefits Under the Social Security Act*

In order to qualify for disability benefits, the Social Security Act provides that the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or can be expected to last, for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (1991). The claimant is disabled "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

In evaluating a claimant's disability, the Federal Regulations provide a detailed five-step analysis that has been summarized by the Second Circuit as follows:

First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of proof as to the first four steps, while the Secretary must prove the final one.

*Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982); 20 C.F.R. §§ 404.1520, 416.920 (1982).

Applying this five step analysis, the ALJ found that Cirino had not been engaged in substantial gainful activity since January 31, 1994. In addition, the ALJ noted that Dr. Greenberg, who had treated Cirino for approximately three months, reported that Cirino's sleep disorder was no longer evident and that his sleep was continuous. Furthermore, with regard to Cirino's hypertension, it was noted by Dr. J. Wright Barry, a board certified internist who examined Cirino, that although he did have hypertension which prevented him from returning to work as a fire fighter, he could be employed in some other suitable occupation. From this medical evidence, the ALJ determined that these impairments did not meet or equal the medical criteria of a listed impairment.

Continuing in the five step analysis, the ALJ next evaluated Cirino's residual functional capacity and considered his symptoms and limitations in order to determine whether he was able to perform his past work. The evidence considered in this part of the analysis was Cirino's treating physician's opinion as well as his own testimony at the Hearing as to his symptoms. It was determined that, although Cirino would not be able to return to work as a fire fighter, his condition did not prevent him from doing light and sedentary work. In the final step of the analysis, the ALJ concluded that because Cirino was capable of performing light and sedentary work at the Fire Department, it was not necessary to consider whether he could perform any alternative substantial gainful activity that existed in the national economy. Thus, it was determined by the ALJ that Cirino was not disabled under Title II of the Social Security Act.

The plaintiff argues that his "vocational evaluation" was not properly considered by the Appeals Council. The vocational evaluation, conducted by Mssrs. Pasternak and Provder, both rehabilitation counselors, is the only evidence in the record that contradicts the medical opinions given by Dr. Greenberg and Dr. Barry. Notwithstanding the "vocational evaluation," the Court finds that the Commissioner, the ALJ, and the Appeals Council, properly held that Cirino was not entitled to disability benefits.

Undermining Cirino's claim that he was entitled to disability benefits was the letter of Dr. Greenberg entered into evidence during the hearing. Dr. Greenberg concluded that Cirino's sleep disorder was eliminated with the "CPAP treatment." Dr. Greenberg's hospital record note of July 11, 1994 concluded the following:

*IMPRESSION:* 1. Sleep disordered breathing was no longer evident on CPAP pressure of 5 cmH2O compared to the prior polysomnogram. The trial of CPAP pressure of 8 cmH2O was also free of sleep disordered breathing and included a REM episode.

Also, Dr. Greenberg's report of July 20, 1994 contained the following significant observation:

The patient subsequently returned to the Sleep Wake Disorders Center for a trial of nasal CPAP therapy. It was demonstrated that at a CPAP pressure of 8 cm. of water pressure, sleep disordered breathing was eliminated and sleep was continuous and uninterrupted.

It is well-settled that the expert opinion of a treating physician is entitled to great weight, *Balsamo v. Chater*, 142 F.3d 75 (2d Cir.1998), and is binding on the fact finder unless contradicted by substantial evidence to the contrary. *Id. see also Murdaugh v. Secretary of Dep't of Health and Human Servs.*, 837 F.2d 99 (2d Cir.1988). In addition, the Code of Federal Regulations mandates that greater weight be given to the treating sources because they are most able to provide a detailed picture of medical impairments and bring a unique perspective to the medical evidence. 20 C.F.R. § 404.1527(d)(2).

Treating physician Dr. Greenberg's opinion that Cirino's disorder was eliminated with treatment was appropriately given greater weight than the conclusions of rehabilitation counselors Pasternak and Provder. Furthermore, the Federal Regulations specify that "the more knowledge a treating source has about [an] impairment the more weight [the Commissioner] will give to the source's medical opinion," 20 C.F.R. § 404.1527(d)(2)(ii), and the opinion of a specialist about medical issues related to his area of specialty is given

more weight than an opinion of a source who is not a specialist. 20 C.F.R. § 404.1527(d)(5). Cirino's disability allegedly stemmed from a sleeping disorder and the opinion of Dr. Greenberg, a specialist is sleep disorders, constituted meaningful evidence that was appropriately given greater weight in assessing Cirino's disability than that of the vocational evaluation.

Cirino also submits that because he was unable to perform past relevant work, which he argues constituted fire-fighting, he should also be found unable to perform light and sedentary work given his age, education and work history. In support of his argument Cirino cites 29 C.F.R. § 404 Subpt. P, App. 2, Rules 201.06 and 202.06. Those rules are respectively entitled *"Maximum sustained work capability limited to sedentary work as a result of severe medically determinable impairment(s)"* and *"Maximum sustained work capability limited to light work as a result of severe medically determinable impairment(s)."* (emphasis in original). However, neither of these rules are applicable in this case because Cirino was not found by either a physician or by the ALJ to be limited to sedentary work or, subsequent to treatment, to be suffering from a severe medical impairment that would prevent him from doing light work.

Cirino also claims that the light work he had engaged in at the fire department during the last two years of his employment was not substantial gainful activity and that he must therefore be declared incapable of performing any work in the national economy. The regulations define substantial work activity as "activity that involves doing significant physical or mental activities. [The] work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility then when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is defined by the regulations as "work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Cirino's activities while he was on light duty clearly fall within the definition of both sub-

stantial work activity and gainful work activity. Although Cirino was doing less work and had less responsibility, his work was clearly within the requirements set forth in the Federal Regulations at issue.

Finally, it is argued that the ALJ did not give proper weight to Cirino's testimony at the hearing. The ALJ determined that Cirino was capable of doing light work. Light work is defined as that which involves lifting no more than twenty pounds with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b). Cirino's testimony confirms that while he was on light duty he was required to and was able to lift weights up to fifteen to twenty pounds and was able to drive a vehicle. Therefore, the ALJ's findings are consistent with Cirino's testimony at the hearing.

In sum, the Court finds that the Commissioner's findings were sustained by substantial evidence and without legal error.

## III. CONCLUSION

Having reviewed the submissions of the parties and the findings by the Commissioner, the ALJ, and the Appeals Council, and for the reasons set forth above, it is hereby

**ORDERED,** that the plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, is **DENIED;** and it is further

**ORDERED** that the defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, is **GRANTED;** and it is further

**ORDERED,** that the complaint is hereby dismissed, and the Clerk of the Court is directed to close this case.

**SO ORDERED.**