James **HODGE**, Plaintiff,

v.

**CITY OF LONG BEACH, Eugene Cammarato, Edward Eaton, and Lawrence Wallace, Defendants.**

No. CV–02–5851.

United States District Court,
E.D. New York.

Feb. 24, 2003.

Frederick K. Brewington, Law Offices of Frederick K. Brewington, Hempstead, NY, for Plaintiff.

William G. Holst, City of Long Beach Corporation Counsel, Long Beach, NY, for Defendants.

### MEMORANDUM AND ORDER

PLATT, District Judge.

Defendants the City of Long Beach, Eugene Cammarato, Edward Eaton and Lawrence Wallace move, pursuant to the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint filed against them by James Hodge. Defendants allege that the Court lacks subject matter jurisdiction, and that the Complaint fails to state a claim upon which relief may be granted. The Court heard oral argument on August 29, 2003. For the following reasons, Defendants' motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, is **DENIED**, and Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state claims upon which relief may be granted, is also **DENIED**.

### Background

#### A. Procedural History

This is Defendants' second Rule 12(b) motion. Defendants' first motion was scheduled for oral argument on April 12, 2003, at which time the Court gave the parties time to review the motion in light of the Supreme Court's decision in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The Court then heard Defendants' motion on May 16, 2003, and both granted dismissal and gave Hodge leave to file another amended complaint. Hodge filed his Second Amended Complaint on June 11, 2003, and alleged violations of Sections 1981, 1983, 1985, 1986 and 2000d of Title 42 of the United States Code, and of the Civil Service and Executive Laws of New York State. Hodge seeks $80,000,000 in damages. Defendants again move to dismiss under Rules 12(b)(1) and 12(b)(6).

#### B. Factual History

Hodge is a black male who resides in Long Beach, New York. The City of Long Beach ["the City"] hired Hodge in 1991. James Cammarato is the City's Director of Operations and leader of the Long Beach Democratic Party. Edward Eaton is the City Manager and a Democratic Committeeman. Lawrence Wallace is the City's Animal Commissioner. *See* Second Amended Complaint at ¶¶ 7–11.

In 1999, Hodge received appointment to the Nassau County Democratic Committee. That same year, the City named Hodge the City's Assistant Animal Warden. In this position, Hodge earned a salary at a pay scale of Grade 8, Step 2. On August 30, 2001, Cammarato authorized the City's payroll department to "increase in pay out of title as Assistant Animal

Warden" Hodge's salary. Hodge's pay became that of Grade 11, Step 4. *See id.* at ¶ 13–17.

In August 2001, the City's Democratic Party establishment decided to support Thomas DiNapoli as a candidate for the office of Nassau County Executive. Hodge, however, decided to publicly support Thomas Suozzi for the same position.[1] Although a registered Democrat, Hodge also supported Republican candidates for the City Council in that election. *See id.* at ¶ 18–20.

Hodge alleges that in response to his political actions, he was "harassed" by the individually-named Defendants. For example, in a September 16, 2001, meeting between Hodge and Cammarato, the latter allegedly told Hodge, "How dare you oppose me? I gave you a raise. I can take everything away from you. I took care of you. I made you. I took you off the streets and I took care of everything at the Animal Shelter." Similar incidents of alleged harassment are alleged to have been perpetrated upon Hodge by Cammarato and the other Defendants. *See id.* at 28.

On November 7, 2001, after the City Council election, Cammarato reduced Hodge's salary from Grade 11, Step 4 to Grade 10, Step 2. Hodge also alleges that Cammarato "constructively demoted" him to his former position of Animal Control Officer, in that Cammarato refused to finalize Hodge's temporary promotion to Assistant Animal Warden. On February 11, 2002, due to continuing incidents of alleged harassment, many of which concluded by Hodge calling for the assistance of paramedics and police officers, Hodge requested a medical leave to seek treatment for a severe stress disorder. *See id.* at ¶¶ 46–

49; Defendants' Memorandum of Law in Support of their Motion to Dismiss at 1.

### *Discussion*

#### A. FED.R.CIV.P. 12(B)(1)

■ Dismissal for lack of subject matter jurisdiction is appropriate only when a federal district court lacks the statutory or constitutional power to adjudicate the dispute before it. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). Jurisdiction on the basis of the existence of a federal question is found when a federal law creates a complaint's claim, or when a plaintiff's right to relief depends upon the resolution of a question of federal law. *See Greenberg v. Bear, Stearns & Co.,* 220 F.3d 22, 25 (2d Cir.2000).

Hodge's Second Amended Complaint alleges that Defendants reduced his pay and demoted him because of his race, and because of the content of his political speech and the nature of his political associations. *See* Complaint at ¶¶ 2, 28 (the latter paragraph stating that "statements and threats were leveled against [Hodge] as an African–American and representative of the African–American community who sought to exercise his freedom of speech"). These claims clearly implicate the First and Fourteenth Amendments of the United States Constitution and, as such, invoke federal jurisdiction. *See Vezzetti v. Pellegrini,* 22 F.3d 483, 486–87 (2d Cir.1994). Defendants' motion to dismiss Hodge's Complaint pursuant to FED.R.CIV.P. 12(b)(1), for lack of subject matter jurisdiction, is accordingly **DENIED.**

#### B. FED.R.CIV.P. 12(B)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon

---

**1.** The Court notes that County Executive Suozzi served as a law clerk to the undersigned. However, as Mr. Suozzi is not named as a party to this suit in either his official or per- sonal capacities, recusal was neither requested by the parties nor considered necessary by the Court.

which relief may be granted, courts must assume all allegations in the complaint to be true. *See Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). The Plaintiff's complaint must not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ad–Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir.1987). This standard is "applied with particular strictness when the plaintiff complains of a civil rights violation." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991).

### (i) *Hodge's Claims*

Hodge's Complaint seeks to recover damages under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 2000d; and also under N.Y. Civ. Serv. § 80 and N.Y. Exec. § 296.

Section 1981 provides that all persons shall have the same right to the equal benefit of all laws for the security of persons and property as is enjoyed by white citizens. *See* 42 U.S.C. § 1981.

Section 1983 provides that every person who, under color of law, subjects any citizen to the deprivation of Constitutional or statutory rights, shall be liable to the injured party. *See* 42 U.S.C. § 1983. Hodge claims that Defendants deprived him of rights under the First and Fourteenth Amendments. *See* Complaint at ¶¶ 84–85; *see also* U.S. Const. Amends. I and XIV (providing that Congress shall make no laws abridging the freedom of speech, or the freedom to peaceably to assemble and petition the government for a redress of grievances, and that no governmental subdivision shall deprive any person of liberty without due process of law, or deny any person the equal protection of the laws).[2]

Section 1985 provides that if persons conspire to deprive any person the equal protection of the laws, the injured party may recover damages. *See* 42 U.S.C. § 1985.

Section 1986 provides that every person who has knowledge of a § 1985 conspiracy, and has the power to prevent its commission but neglects to do so, is liable to the injured party if the act is committed. *See* 42 U.S.C. § 1986.

Section 2000d provides that no person shall be subjected to discrimination under any federally-assisted program on the grounds of race. *See* 42 U.S.C. § 2000d.

Section 80 provides that there must be a good faith basis for adverse employment actions taken against civil servants. *See* N.Y. Civ. Serv. § 80.

Section 296 provides that it is an unlawful employment practice to discriminate against an individual in compensation, or in terms, conditions or privileges of employment, on the basis of race. *See* N.Y. Exec. § 296.

### (a) Racial discrimination

■ Defendants argue, *inter alia,* that none of the employment actions involving Hodge "are alleged to have occurred in circumstances giving rise to an inference of discriminatory intent," and that the "the adverse employment decision must be motivated at least in part by a discriminatory or retaliatory reason." Yet

> Nowhere does [Hodge] make allegations of treatment different from similarly situated employees who were not members of his protected class. Nor does he allege that he was subjected to racially or ethnically based comments of criticisms ... the alleged incidents that form the basis of [Hodge]'s complaint either

---

**2.** The First Amendment is applied to municipalities such as the City through the operation

Fourteenth Amendment.

individually of collectively lack any indicia or racial animus.

Defendants' Memorandum at 11.

Hodge responds that his claim passes the four-part test for racial discrimination in employment set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny—namely, that (1) Hodge is a member of a protected class, (2) Hodge was performing his job satisfactorily, and yet (3) Hodge suffered an adverse employment action, under (4) circumstances giving rise to an inference of discrimination. *See* Plaintiff's Memorandum in Opposition to Defendants' Second Motion to Dismiss at 11; *see also McDonnell Douglas*, 411 U.S. at 803, 93 S.Ct. 1817.

Hodge is a member of a protected class. It is not in dispute that Hodge performed his job in a satisfactory manner. And Hodge's Complaint sets forth a claim that he suffered an adverse employment action. However, the question remains as to whether the circumstances in which Hodge may have suffered this adverse employment action give rise to an inference of racial discrimination.

Hodge's 122–paragraph Second Amended Complaint contains but a single mention of possible racial animus. *See* ¶ 32 (alleging that one Defendant alleged bigotry on the part of another Defendant). And the Court is mindful of the standard that a plaintiff alleging racial discrimination must do more than assert conclusory allegations (*see Watts v. Dep't of Juvenile Justice*, 2003 WL 22764540, *3, 2003 U.S. Dist. LEXIS 21035 at *8 (S.D.N.Y. Nov. 20, 2003)) (*relying upon Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir.1994)). However, Hodge has the right to discover and present further evidence of race-based discrimination. In light of the strictness that applies to analyses of complaints of civil rights violations, dismissal is inappropriate.

Defendants' motion to dismiss Hodge's Complaint pursuant to FED.R.CIV.P. 12(b)(6), for its failure to state claims of unlawful racial discrimination upon which relief may be granted, is **DENIED**.

(b) FREE SPEECH AND FREE ASSOCIATION

■ Defendants argue that Hodge fails to show that he suffered for the exercise of his First Amendment rights because Hodge's "desire to continue working out of title" was not "constitutionally protected conduct," and because Hodge "offered no evidence to show that any of the Defendants' actions were motivated by his alleged political actions...." Defendants' Memorandum at 13, 18.

Hodge responds that his Complaint "is replete with facts that clearly allege Defendants' discriminatory and retaliatory actions against [Hodge] on account of his race and his political beliefs and affiliations." Hodge's Memorandum at 15.

The Complaint makes plain that Hodge advocated on behalf of Democratic County Executive candidate Suozzi, and also for Republican City Council candidates. *See* Complaint at ¶¶ 19, 20, 22. Hodge alleges that he was persecuted as a result. For example, Hodge's supervisor is alleged to have stated that he was pressured "to find something on" Hodge, and that "it's because of the election that they are doing this to you." *Id.* at ¶ 35. Even an ambulance attendant is alleged to have said to Hodge, while he was being treated for heart palpitations and weakness after a confrontation with local officials, "Why did you change parties?" *Id.* at 44. Hodge's sister's apartment in public housing, and Hodge's job and salary, were allegedly threatened on the basis of Hodge's electioneering activities. *See id.* at ¶¶ 24, 32, 39.

Hodge's Complaint clearly succeeds in alleging that Defendants discriminated

against him in retaliation for Hodge's exercise of free speech and free association rights. Hodge's Complaint implicates core political speech and political association interests that lie at the heart of the First Amendment. As such, dismissal of these claims, without further discovery, is inappropriate.

As the United States Supreme Court observed in *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), the "First Amendment prevents the government, except in the most compelling circumstances, from wielding its power to interfere with its employees' freedom to believe and associate." *Id.* at 78. The government must have "a vital interest in doing so" for such activity to pass constitutional muster. It is not clear that the City had such a compelling and vital interest in ensuring the ideological purity and partisan loyalty of its animal control officers and assistant animal wardens.

Defendants' motion to dismiss Hodge's Complaint pursuant to FED.R.CIV.P. 12(b)(6), for its failure to state claims of free speech and free association violations upon which relief may be granted, is **DENIED.**

(c) N.Y. CIV. SERV. § 80

Hodge's Complaint raises questions amenable to discovery pertaining to Defendants' good faith regarding the adverse employment action Hodge is said to have suffered. Defendants' 12(b)(6) motion is DENIED as to Hodge's claims under N.Y. Civ. Serv. § 80.

(ii) *Defendant's remaining arguments*

Defendants further argue that Hodge did not actually suffer an adverse employment action, that Hodge failed to exhaust his administrative remedies pursuant to the relevant Collective Bargaining Agreement ["CBA"], and that the individually-named Defendants are cloaked in qualified immunity. *See* Defendants' Memorandum, *passim.*

Defendants' argument that Hodge's "constructive demotion" from his temporary appointment as Assistant Animal Warden back to Animal Control Officer may not be an actionable adverse employment action, especially as he is currently on medical leave, is worthy of consideration. However, for purposes of this motion to dismiss, Hodge's uncontested allegation that his pay was reduced from Grade 11, Step 4 to Grade 10, Step 2 is enough to show such adverse action.

Defendants' argument that the CBA bars Hodge's complaints of violations of his constitutional rights is unavailing. Hodge does not merely allege adverse employment actions, he alleges that these actions took place as part of a conspiracy to deprive him of his civil rights under the color of law in violation of the First and Fourteenth Amendments. A CBA cannot bar the door to a federal court under such circumstances.

Finally, Defendants' argument that the individually-named defendants possess qualified immunity is also unavailing, as individuals may be sued in their personal capacities under 42 U.S.C. § 1983 *et seq.*

### Conclusion

For the foregoing reasons, Defendants' motion to dismiss Hodge's Complaint pursuant to FED.R.CIV.P. 12(b)(1), for lack of subject matter jurisdiction, is **DENIED.** Defendants' motion to dismiss Hodge's Complaint pursuant to FED.R.CIV.P. 12(b)(6), for its failure to state claims upon which relief may be granted, is also **DENIED.**

**SO ORDERED.**