09-4658-cv
*Nogbou v. Mayrose*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand ten.

PRESENT:  AMALYA L. KEARSE,
          JOSEPH M. McLAUGHLIN,
          DEBRA ANN LIVINGSTON*,*
                    *Circuit Judges*.

---

RODOLPHE NOGBOU,
          *Plaintiff-Appellant*,

     -v.-                              No. 09-4658-cv

POLICE OFFICER MAYROSE, New York Police Department badge #6266,
POLICE OFFICER LORE, The New York Police Department badge #10037,
POLICE OFFICER RIGALOS, New York Police Department badge # 28450,
BELLEVUE HOSPITAL CENTER'S PSYCHIATRIC SERVICES,
          *Defendants-Appellees*,

---

                    RODOLPHE NOGBOU, *pro se*, New York, NY.

                    DONA B. MORRIS, Assistant Corporation Counsel,
                    *for* Michael A. Cardozo, Corporation Counsel
                    for the City of New York, New York, NY, *for*
                    *Defendants-Appellees*.


     Appeal from a judgment of the United States District Court for

the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Rodolphe Nogbou, *pro se*, appeals the district court's judgment granting the defendants' motion for judgment on the pleadings and dismissing his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Motion for Judgment on the Pleadings**

We review a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) *de novo*. *See Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 792 (2d Cir. 1999). The standard applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) also applies to a Rule 12(c) motion for judgment on the pleadings. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Thus, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant," and deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks omitted) (quoting *Ad-Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987)).

Nogbou correctly argues that the district court erroneously

relied on his Bellevue Hospital psychiatric records in analyzing his excessive force claim. Although these records were attached to his complaint, Nogbou alleged that portions of the records were fabricated, and the district court was required to accept that allegation as true in deciding the Rule 12(c) motion. *See Sheppard*, 18 F.3d at 150.

Nonetheless, we find that the district court's decision to dismiss Nogbou's excessive force claim was based primarily on its conclusion that the force used by the Defendant Police Officers was *de mimimis*, with no allegations by the Plaintiff of any injuries or additional facts to establish that the use of force was unreasonable, rather than on its citation to disputed portions of Nogbou's psychiatric record. Because Nogbou has not challenged this conclusion in his brief, we affirm the district court's dismissal of his excessive force claim.

Moreover, while Plaintiff specifically challenges the district court's description of his initial hospitalization, the description provided, in which the officers told him he could not sleep on the streets and handcuffed him when he refused to leave, is consistent with the allegations in his complaint. Further, the district court's dismissal of his involuntary hospitalization claim was not based on this description. Rather, as the district court noted, due process permits the involuntary hospitalization of an individual if

he is a danger to himself or others. *See Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir. 2003). The district court concluded from the plaintiff's allegations that probable cause existed for the officers' belief that he "posed a danger to himself when they encountered him sleeping outside on a frigid night," *Nogbou v. Mayrose*, No. 07 Civ. 3763, slip op. at 12 (S.D.N.Y. Oct. 15, 2009), a conclusion that the plaintiff does not challenge on appeal. As a result, we affirm the dismissal of this claim as well.

Finally, we affirm the district court's dismissal of the remainder of Nogbou's claims for substantially the same reasons stated by the district court in its thorough and well reasoned decision.

**II. Leave to Amend**

"Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). We review the denial of leave to amend a complaint for abuse of discretion. *Id.*

Here, the district court properly determined that an amendment would be futile on the ground that negligence and medical malpractice claims are not actionable under § 1983. *See, e.g.,*

4

*Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (noting that mere negligence in diagnosis or treatment is insufficient to state a valid Eighth Amendment claim and emphasizing that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").

Arguably, the district court could have permitted Nogbou to amend his complaint to assert an involuntary hospitalization or forced medication claim against Health and Hospitals Corporation and the relevant Bellevue Hospital staff members. However, such claims would also have been futile. As mentioned above, the plaintiff does not challenge the district court's conclusion that his allegation that he was sleeping outside in February in "freezing temperature[s]" created probable cause to believe that he was a danger to himself. Thus, he has not established that the district court abused its discretion in denying him leave to amend his complaint.

We have considered Nogbou's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5