**William PIKULIN and Savely Petreykov, Plaintiffs–Appellants,**

v.

**The CITY UNIVERSITY OF NEW YORK, Defendant–Appellee.**

**Docket No. 98–9236.**

United States Court of Appeals, Second Circuit.

Argued May 5, 1999.

Decided May 13, 1999.

William Pikulin and Savely Petreykov, Brooklyn, NY, Pro Se.

Mary Lynn Nicolas, Assistant Attorney General for the State of New York (Eliot Spitzer, Attorney General; John W. McConnell, Deputy Solicitor General; Robert A. Forte, Assistant Attorney General, of counsel), for Defendant–Appellee.

Before: CABRANES and SACK, Circuit Judges, and SHADUR,[1] District Judge.

PER CURIAM.

We write principally to consider whether the City University of New York ("CUNY"), the defendant in the present action, is entitled to immunity under the Eleventh Amendment to the United States Constitution. This issue arises on an appeal by plaintiffs *pro se* William Pikulin and Savely Petreykov from a judgment of the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge* ), dismissing plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(1). Plaintiffs' complaint set forth civil rights and employment discrimination claims under 42 U.S.C. §§ 1981 and 1983, and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). The district court dismissed plaintiffs' Title VII claim on the ground that they had not exhausted administrative remedies, and dismissed the remaining claims on the ground that CUNY was an arm of the State of New York that was entitled to Eleventh Amendment Immunity.

We affirm the dismissal of plaintiffs' Title VII claim. However, the record in its present state does not allow us to determine whether CUNY is entitled to Eleventh Amendment immunity; accordingly, we vacate the judgment, insofar as it dismissed plaintiffs' § 1981 and § 1983 claims, and we remand to the district court for further appropriate proceedings concerning those claims.

## I.

With respect to plaintiffs' Title VII claim, dismissal was proper for the reasons stated by the district court. Filing an administrative complaint with the EEOC is a statutory prerequisite to maintaining a Title VII action in the district court. *See* 42 U.S.C. § 2000e–5(e); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). An employment discrimination claim must be filed with the EEOC within 300 days of the alleged discrimination in a state, like New York, with a fair employment agency. *See* 42 U.S.C. § 2000e–5(e) (time limitations for filing of charge with the EEOC); *Ford v. Bernard Fineson Dev. Ctr.,* 81 F.3d 304, 307 (2d Cir.1996).

---

1. The Honorable Milton I. Shadur, of the United States District Court for the Northern District of Illinois, sitting by designation.

The appellants' complete failure to file a complaint with the EEOC, and their insistence that they are not required to file such, bar consideration of their Title VII claim.

## II.

■ The Eleventh Amendment generally bars suits against a state in federal court. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The instant case requires consideration of whether, for purposes of the Eleventh Amendment, CUNY can properly be characterized as an "arm of the state." *See Rosa R. v. Connelly,* 889 F.2d 435, 437 (2d Cir.1989) (considering whether local school board was "an arm of the state and thus entitled to Eleventh Amendment protection from suit in federal court"). The appropriate analysis focuses both on the extent to which the state would be responsible for satisfying any judgment that might be entered against the defendant entity, *see id.* at 437–38; *Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 38 (2d Cir. 1977), and on the degree of supervision exercised by the state over the defendant entity, *see Rosa R.,* 889 F.2d at 437.

■ The court below relied on a series of district court cases that have found CUNY to be an arm of the state for Eleventh Amendment purposes. *See, e.g., Burrell v. City University of New York,* 995 F.Supp. 398, 410–11 (S.D.N.Y.1998); *Minetos v. City University of New York,* 875 F.Supp. 1046, 1053 (S.D.N.Y.1995);

*Moche v. City University of New York,* 781 F.Supp. 160, 165 (E.D.N.Y.1992), *aff'd without opinion,* 999 F.2d 538 (2d Cir. 1993); *Scelsa v. City University of New York,* 806 F.Supp. 1126, 1137 (S.D.N.Y. 1992); *Silver v. City University of New York,* 767 F.Supp. 494, 499 (S.D.N.Y.), *aff'd on other grounds,* 947 F.2d 1021 (2d Cir.1991); *Ritzie v. City University of New York,* 703 F.Supp. 271, 276–77 (S.D.N.Y.1989). To the extent that these decisions have explicitly analyzed the basis for CUNY's purported Eleventh Amendment immunity, they have rested on the state's statutory obligation to indemnify trustees, officers, and staff of CUNY against liability, pursuant to N.Y. Educ. Law § 6205(1).[2] *See Burrell,* 995 F.Supp. at 411; *Moche,* 781 F.Supp. at 165; *Minetos,* 875 F.Supp. at 1053; *Scelsa,* 806 F.Supp. at 1137. However, this provision of state law requires the state to indemnify only such *individuals* affiliated with CUNY, and does not address the state's financial responsibility, if any, to satisfy judgments entered against CUNY itself.[3]

Because the cases relied upon by the district court do not offer a sufficient basis on which to conclude that CUNY is an arm of the State of New York—and therefore sheltered by the Eleventh Amendment immunity enjoyed by the state—we are unable to affirm the district court's dismissal of plaintiffs' § 1981 and § 1983 claims. Neither the district court nor the defendant has offered any other basis for dismissing these claims. Accordingly, we vacate the judgment insofar as it dismissed

---

**2.** That section of the N.Y. Educ. Law provides as follows:

**§ 6205. Liability of board of trustees and liability of city university of New York**
1. The state shall save harmless and indemnify members of the board of trustees and any duly appointed member of the teaching or supervising staff, officer or employee of the senior colleges under the jurisdiction of such board pursuant to section seventeen of the public officers law against any claim, demand, suit or judgment arising by reason of any act or omission to act by such person occurring in the discharge of his duties and within the scope of his service on behalf of such university.

**3.** Moreover, although we express no view on the possible ultimate significance of these factors in the more fully fleshed out record that may be developed on remand, we note that the contract at issue was registered by New York City's Comptroller's Office, that the payment warrant to the contractors emanated from the City, and that the payment vouchers were issued by New City's Department of Finance, authorizing payment out of the City's Treasury.

these claims, and we remand for further appropriate proceedings. On remand, defendant should develop a record sufficient to allow the district court to consider fully CUNY's relationship to the state.[4]

## III.

To summarize:

(1) We affirm the judgment of the district court, insofar as it dismissed plaintiffs' Title VII claim.

(2) We vacate the judgment of the district court, insofar as it dismissed plaintiffs' § 1981 and § 1983 claims.

(3) We remand the cause to the district court for proceedings consistent with this decision.

---

4. We intimate no view as to other bases on which the district court might be able to dismiss the remaining claims. If another such basis exists, it may be unnecessary for the district court to explore the Eleventh Amendment issue on remand.