**Obdulio SANDOVAL, Plaintiff,**

v.

**DEPARTMENT OF MOTOR VE-
HICLES STATE OF NEW
YORK, Defendant.**

**No. CV–04–717 (TCP)(ETB).**

United States District Court,
E.D. New York.

July 27, 2004.

George Nager, Hempstead, NY, for Plaintiff.

Ralph Pernick, New York State Attorney General, Mineola, NY, for Defendant.

### MEMORANDUM AND ORDER

PLATT, District Judge.

Before this Court is a motion for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c) brought by the Department of Motor Vehicles ("DMV" or "Defendant") to dismiss Obdulio Sandoval's ("Sandoval" or "Plaintiff") 42 U.S.C. §§ 1981, 1983, and 1985 lawsuit alleging violations of his constitutional rights to due process, equal protection, and representation of counsel. For the following reasons, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiff was pulled over while operating his motor vehicle on January 11, 2004, for having allegedly failed to come to a complete stop at a stop sign in Wyandanch, New York. (Pl.Compl.¶ 4) According to the police officer on the scene, "[P]laintiff . . . was covered with vomit, and appeared to

have a 'strong odor of alcohol beverage on his breath, was unsteady on his feet, [had] red bloodshot eyes, [and] slurred speech.' " *Id.* Plaintiff was arrested and transported to the 1st Precinct, Suffolk County Police Department, where he allegedly refused to submit to a breathalyser test. *Id.* The police officer swore out a misdemeanor information against Plaintiff, for operating a motor vehicle while under the influence of alcohol or drugs in violation of Section 1192 of the New York Vehicle & Traffic Law ("VTL"). *Id.* Plaintiff was subsequently sent a notice to appear before the Safety and Business Hearings Bureau of the DMV to determine whether his license should be revoked for refusing to take said breathalyser test. *Id.*

On January 20, 2004, Plaintiff, along with his attorney, appeared for a hearing and requested the assistance of a Spanish-speaking interpreter as Plaintiff allegedly has little or no ability to speak or understand English. *Id.* The Administrative Judge advised Plaintiff that the State would not provide an interpreter because pursuant to Section 301(6) of the New York State Administrative Procedure Act ("SAPA"), an interpreter is only required to "[be made] available to deaf persons." *Id.;* N.Y. Admin. Proc. Act § 301(6). The Judge informed Plaintiff that he could have a friend interpret for him, or could hire an interpreter. (Pl.Compl.¶ 4) It then developed, for unrelated reasons, that the hearing could not be held as scheduled and Plaintiff was advised that a new date would be scheduled. *Id.*

On February 20, 2004, Plaintiff brought this federal action seeking a declaratory judgement and injunctive relief to prevent Defendant from proceeding with the administrative hearing without providing for a Spanish speaking interpreter.

## DISCUSSION

 The standard for motions brought pursuant to Rule 12(c) is the same as that applied to Rule 12(b)(6) motions. *W.J.F. Realty Corp. v. Town of Southampton* 220 F.Supp.2d 140, 145 (E.D.N.Y.2002) (citing *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). A Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994). The Plaintiff's complaint must not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ad–Hoc. Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### A. 42 U.S.C. § 1983

 A State is immune from suits brought in federal courts by citizens of another State as well as by its own citizens. U.S. Const. amend. XI. *See Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (citing *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 779, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991)); *Tenn. Student Assist. Corp. v. Hood*, —— U.S. ——, ——, 124 S.Ct. 1905, 1909, 158 L.Ed.2d 764 (2004). Such immunity extends to agencies and departments acting on behalf of the State and applies regardless of the nature of the relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *See also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144–147, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *Fed. Mar.*

*Comm'n v. S. Carolina State Ports Auth.,* 535 U.S. 743, 765, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002). There are, however, two exceptions to a State's sovereign immunity. First, a State may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) (citing *Clark v. Barnard,* 108 U.S. 436, 447–448, 2 S.Ct. 878, 27 L.Ed. 780 (1883)). Second, Congress may abrogate the sovereign immunity of the States by acting pursuant to its enforcement powers under Section 5 of the Fourteenth Amendment. *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 80, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (citing *Fitzpatrick v. Bitzer,* 427 U.S. 445, 449, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)).

█ Here, the DMV is an agency acting on behalf of the State of New York and is entitled to sovereign immunity under the Eleventh Amendment in the § 1983 claim. *See Feingold v. State of New York,* 366 F.3d 138, 149 (2d Cir.2004) ("[W]e find that [Plaintiff's] § 1983 claim is clearly barred by the Eleventh Amendment because the DMV is a state agency"). Further, the claim does not fall within one of the two exceptions to sovereign immunity because 1) Defendant has not consented to suit, and 2) the Supreme Court has held that 42 U.S.C. § 1983 does not abrogate the Eleventh Amendment immunity of the States. *See Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (" § 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history ... which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States"); *see also Lipofsky v. Steingut,* 86 F.3d 15, 18 (2d Cir.1996) (stating that there is no abro-gation of the Eleventh Amendment immunity of the States under § 1983). Finally, although Plaintiff is requesting prospective injunctive relief, this action does not fall within the confines of the *Ex Parte Young* doctrine, because Plaintiff has not named a state official as a defendant. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *See also Henrietta D. v. Bloomberg,* 331 F.3d 261, 287 (2d Cir.2003) ("The Eleventh Amendment ... does not preclude suits against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law"). Accordingly, Plaintiff's § 1983 claim is barred by sovereign immunity.

**B. 42 U.S.C. §§ 1981 and 1985**

█ In addition, Plaintiff's §§ 1981 and 1985 claims are also barred. First, "[the Second Circuit] Court of Appeals has acknowledged that sovereign immunity also extends to claims under a 1981." *Bland v. State of New York,* 263 F.Supp.2d 526, 534 (E.D.N.Y.2003) (citing *Pikulin v. City Univ. of New York,* 176 F.3d 598, 600–601 (2d Cir.1999) (stating that court would have affirmed dismissal of a 1981 claims against CUNY on Eleventh Amendment grounds if there were sufficient factual basis in record in which to find that CUNY was an arm of the state)); *see also Chadha v. Connecticut Med. Examining Bd.,* No. 99–874, 1999 U.S. Dist. LEXIS 18939, at *6 (D.Conn. Oct. 28, 1999) (stating that state agencies are entitled to Eleventh Amendment immunity under §§ 1981 ...) (citing *Santiago v. New York State Dep't of Corr. Services,* 945 F.2d 25, 28 (2d Cir.1991)). Second, "it is well settled that a State and its agencies are not 'persons' under a 1985." *O'Diah v. New York City,* No. 02–274, 2002 WL 1941179, *6, 2002 U.S. Dist. LEXIS 15507, at *27 (S.D.N.Y. Aug. 21, 2002); *Santiago v. New York State Dep't of Corr. Services,* 725

F.Supp. 780, 783 (S.D.N.Y.1989) (dismissing Plaintiff's a 1985 claim because a state agency cannot be used to satisfy the a 1985(3) predicate of "two or more persons"), rev'd on other grounds, 945 F.2d 25 (2d cir.1991). Accordingly, Plaintiff's action against Defendant must be dismissed.

### CONCLUSION

For the foregoing reasons, Defendant's motion is hereby **GRANTED**.

SO ORDERED.