**Uri TORNHEIM, Plaintiff–Appellant,**

v.

**NEW YORK STATE SENATE, New York State Assembly, and the State of New York, Defendants–Appellees.**

No. 04–0315.

United States Court of Appeals, Second Circuit.

Nov. 4, 2004.

Uri Tornheim, Wesley Hills, New York, for Appellant, pro se.

Eliot Spitzer, Attorney General of the State of New York, (Andrea Oser & Evelyn Tenenbaum, Assistant Solicitors General), Albany, New York, for Appellees, of counsel.

PRESENT: CARDAMONE, KATZMANN, and RAGGI, Circuit Judges.

SUMMARY ORDER

Uri Tornheim, *pro se*, appeals from the judgment of the United States District Court for the Northern District of New York (Kahn, *J.*) granting the State's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) on the basis of Eleventh Amendment Immunity. The parties' familiarity with the facts is assumed. For the reasons that follow, we AFFIRM the decision of the district court.

We review the district court's dismissal, pursuant to Fed.R.Civ.P. 12(b)(1) *de novo.* *Scherer v. Equitable Life Assur. Soc'y of the United States,* 347 F.3d 394, 397 (2d Cir.2003).

The district court properly determined, as a matter of law, that Tornheim's suit was barred by the Eleventh Amendment.

The Eleventh Amendment bars claims against a State in federal court by its own citizens, unless the State has consented to the suit or Congress has overridden the State's immunity. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). This bar applies regardless of the type of relief sought. *See Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (*per curiam* ).

Moreover, the State has not waived its immunity in the present case. Such a waiver must be explicit. *See Santiago v. New York State Dep't of Corr. Servs.,* 945 F.2d 25, 31 (2d Cir.1991). There is no waiver in New York law, nor in any documents submitted to this Court. Furthermore, in his appellate brief, Tornheim fails even to allege that the State has somehow consented to suit.

Additionally, we find unavailing Tornheim's argument that, because he is challenging the constitutionality of State statutes, his claim escapes the Eleventh Amendment bar. Tornheim cites several Supreme Court decisions to support his argument, including *Pennhurst,* 465 U.S. at 102–03, 104 S.Ct. 900 (discussing Eleventh Amendment implications where state officials act *ultra vires* their authority), *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (holding that a court may award injunctive relief against a state officer), and *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (standing for the proposition that a suit challenging the constitutionality of a state

official's action is an important exception to the Eleventh Amendment). However, these cases all involve suits against state officials, not a State or its alter egos.

Eleventh Amendment sovereign immunity applies not only to the State, but to its agencies and alter egos as well. *See Pugh,* 438 U.S. at 782, 98 S.Ct. 3057; *Clissuras v. City Univ. of New York,* 359 F.3d 79, 81 (2d Cir.2004). We have set forth the following two-factor test for determining whether an institution is an arm of the State: (1) "the extent to which the state would be responsible for satisfying any judgment that might be entered against the defendant entity;" and (2) "the degree of supervision exercised by the state over the defendant entity." *Pikulin v. City Univ. of New York,* 176 F.3d 598, 600 (2d Cir.1999) (per curiam). The Supreme Court has held that the first factor also includes situations where the judgment sought compels the sovereign to act. *Pennhurst,* 465 U.S. at 102, 104 S.Ct. 900 (quoting *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963)).

Although Tornheim seeks no money judgment, the judgment sought would compel the State to draft new statutes. Therefore, any judgment in this case would have to be satisfied by the State.

Additionally, it is clear that the New York State Senate and New York State Assembly constitute the legislative branch of the government of the State of New York. As such, under the case law of this Court, those defendants constitute an arm of the State.

Tornheim's claims of violation of due process under Section 1 of the Fourteenth Amendment also fail.

Having considered all of the material submitted by the parties, we conclude that the district court properly dismissed Tornheim's complaint pursuant to Fed.R.Civ.P.

484

12(b)(1). Accordingly, the judgment of the district court is AFFIRMED.