**Elizabeth OHUCHE, Plaintiff–Appellant,**

v.

**NEW YORK CITY BOARD OF EDUCATION, Defendant–Appellee.**

No. 05–2233–CV.

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

Elizabeth Ohuche, New York, New York, for Plaintiff–Appellant, pro se.

Grace Goodman, City of New York Law Department, New York, New York, for Defendant–Appellee.

Present: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Elizabeth Ohuche, *pro se,* appeals from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge* ) granting the defendants-appellees' motion for summary judgment in her employment discrimination action. We assume the parties' familiarity with the underlying facts and procedural history. Ohuche's primary argument on appeal is that her racial discrimination claim was not time-barred.

If a plaintiff fails to file a timely charge with the Equal Employment Opportunity Commission, this Court will affirm a district court's finding that the claim is time-barred. *See Tewksbury v. Ottaway Newspapers,* 192 F.3d 322, 325–26 (2d Cir.1999). In New York, the statute of limitations for filing a claim with the EEOC is 300 days after the alleged unlawful employment practice occurred. *See Pikulin v. City Univ. of N.Y.,* 176 F.3d 598, 599 (2d Cir. 1999) (per curiam) (citing 42 U.S.C. § 2000e–5(e)(1)). The statute of limitations for an unlawful employment practice has been held as beginning to run when the unlawful practice occurs, *see Forsyth v. Federation Employment and Guidance Service,* 409 F.3d 565, 572 (2d Cir.2005), or when the employee receives notice of the discriminatory action, *see Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 713 (2d Cir.1996). Discrete discriminatory acts are deemed time-barred, notwithstanding the fact that "they are related to acts alleged in timely filed charges," if they fall outside of the limitations period. *See Forsyth,* 409 F.3d at 572 (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)).

Ohuche must have filed an EEOC complaint within 300 days of notice of the discriminatory action to base a claim on that action. Ohuche's EEOC complaint was filed on June 6, 2000, more than 300 days after June 28, 1999, when she received notice that her probationary position would be discontinued, the allegedly discriminatory event. As such, Ohuche's claim as to her June 28, 1999 discontinuance is time-barred. As per *Forsyth,* Ohuche's attempt to salvage her claim as to the discontinuance by alleging that it led to other adverse employment actions after the discontinuance is unavailing.[1] The June 28, 1999 discontinuance of her probationary position was a "discrete event" that "falls outside of the limitations period." *See Forsyth,* 409 F.3d at 572.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

1. We express no opinion concerning the timeliness or merit of any claim premised on those alleged acts, as any claims based on those acts are not properly before the Court.