11-1707-cv
*Gengo v. City Univ. of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of June, two thousand twelve.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PAUL J. GENGO,

> *Plaintiff-Appellant,*

> -v.-                                                      No. 11-1707-cv

CITY UNIVERSITY OF NEW YORK,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                           WARREN S. HECHT, Forest Hills, NY.

**FOR APPELLEE:**                            ANN P. ZYBERT, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Richard Dearing, Deputy Solicitor General, *of counsel*), *for* Eric T. Schneiderman, Attorney General

of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Appellant Paul Gengo appeals from a judgment of the District Court granting the motion for summary judgment of defendant City University of New York ("CUNY"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This appeal arises out of allegations that CUNY engaged in a systematic program of discrimination and retaliation against Gengo, a former untenured member of the faculty at Queens Community College, which ultimately concluded in denial of tenure and his termination as a faculty member. Gengo, a 68-year-old Italian-American man, alleges that he requested promotion five times between 2003 and 2006, and that each of his petitions was denied (1) because of CUNY's invidious discrimination against Italian-Americans, and (2) in retaliation for a successful claim of discrimination Gengo brought in 1994. Soon after the fifth adverse decision from CUNY's promotions board, Gengo filed the instant complaint.

This complaint was filed on February 16, 2007. The complaint asserts claims against CUNY under Title VII, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621; the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, 1140; the New York State Human Rights Law, N.Y. Executive Law § 296; and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-107. At the conclusion of discovery, defendant moved for summary judgment.

On March 29, 2011, the District Court adopted a December 2, 2010 Report and Recommendation issued by a Magistrate Judge to which the motion had been referred (Joan M. Azrack,

2

Magistrate Judge) and granted the motion for summary judgment. *Gengo v. City Univ. of N.Y.*, No. 07-cv-681(KAM)(JMA), 2011 WL 1204716, at *9 (Mar. 29, 2011). The District Court first determined that the promotion system that was allegedly biased against Gengo was controlled entirely by CUNY's central administration rather than QCC, and that therefore the appropriate defendant was the CUNY central administration.[1] *Id.* at *4. Accordingly, because CUNY's central administration is an "arm[ ] of the state" and therefore enjoyed sovereign immunity from suit, *id.* (citing *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79 (2d Cir. 2004)), the Court held that all but one of Gengo's claims were barred by the Eleventh Amendment.[2] The District Court then addressed, in the alternative, the merits of each of Gengo's claims, and found them to be meritless. *Id.* at *6–9.

This appeal followed. On appeal, Gengo makes five arguments: (1) CUNY (evidently meaning Queens Community College) is not entitled to sovereign immunity; (2) the District Court erroneously determined that he had not made out a *prima facie* case of discrimination; (3) the District Court erroneously determined that he had not made out a *prima facie* case of retaliation; (4) the question of whether CUNY's stated reason for the alleged adverse employment action was mere pretext was a question of fact not to be resolved on a motion for summary judgment; and (5) that, should we reject the District Court's conclusion that CUNY was entitled to sovereign immunity, we should remand his action to the District Court with instructions to dismiss his NYCHRL claim without prejudice.

We review the District Court's grant of summary judgment *de novo*. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 40 (2d Cir. 2000).

---

[1] The District Court's conclusion was informed in large part by an affidavit from the New York State Attorney General's Office stating that the party responsible for paying any judgment won by Gengo would be the State of New York, rather than the City of New York. *Gengo v. City Univ. of N.Y.*, No. 07-cv-681, 2011 WL 1204716, at *5–6 (March 29, 2011); *see Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30, 48 (1994); *Pikulin v. City Univ. of N.Y.*, 176 F.3d 598, 600 (2d Cir. 1999).

[2] The District Court dismissed Gengo's Title VII claims on their merits, as Title VII specifically abrogates state sovereign immunity. *Gengo*, 2011 WL 1204716, at *3 n.4, 6, 8; *see Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

CONCLUSION

We have reviewed the record and Gengo's arguments on appeal and have determined that they are meritless. Accordingly, we AFFIRM the judgment of the District Court in its entirety, for substantially the reasons stated by the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court