14-555-cv
U.L. v. New York State Assembly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         RICHARD C. WESLEY,
         SUSAN L. CARNEY,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

U.L., individually and as father and natural guardian of E.L., an infant under the age of 18 years,
        <u>Plaintiff-Appellant</u>,

        -v.-                                          14-555-cv

NEW YORK STATE ASSEMBLY, NEW YORK STATE SENATE, SHELDON SILVER, in his official capacity as Speaker of the New York State Assembly, JEFFREY D. KLEIN, in his official capacity as President Pro Tempore of the New York State Senate, and as Senate Independent Democrat Conference Leader, DEAN G. SKELOS, in his official capacity as President Pro

1

**Tempore of the New York State Senate, and as Senate Republican Conference Leader, STATE OF NEW YORK,**
         **<u>Defendants-Appellees</u>.**[*]

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    ELLIOT B. PASIK, Law Office of Gerald P. Gross, Cedarhurst, New York.

**FOR APPELLEES:**                    MARK H. SHAWHAN (Barbara D. Underwood, Anisha Dasgupta, <u>on the brief</u>), <u>for</u> Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant U.L. appeals from the judgment of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>), dismissing this case on the ground that defendants-appellees enjoy sovereign and legislative immunity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

U.L., the father of a child enrolled in a Jewish religious school in New York, brings myriad constitutional claims challenging New York's child-protection laws, which regulate New York public schools.

We review de novo dismissals of claims under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). <u>Jaghory v. N.Y. State Dep't of Educ.</u>, 131 F.3d 326, 329 (2d Cir. 1997). We agree with the district court that U.L. cannot sue the State of New York, the New York State Assembly, or the New

---

[*]     The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

York State Senate because those defendants enjoy sovereign immunity. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Pikulin v. City Univ. of N.Y.</u>, 176 F.3d 598, 600 (2d Cir. 1999) (per curiam) (articulating test for whether governmental entity is "arm of the state").  The state legislator defendants enjoy immunity for their legislative acts.  <u>State Emps. Bargaining Agent Coal. v. Rowland</u>, 494 F.3d 71, 88 (2d Cir. 2007).

U.L. argues that, even if his claims are barred as presently pleaded, he should be given an opportunity to replead them to avoid the immunity doctrines.  We do not think it is necessary to remand for this purpose.[1]  Assuming U.L. could successfully plead around the immunity doctrines, his claims would still fail as a matter of law.  The challenged child-protection laws, which are unquestionably secular, are equally inapplicable to all private schools, religious and secular.  Nothing about them offends the Establishment or Free Exercise Clauses of the First Amendment. <u>See</u> <u>Lemon v. Kurtzman</u>, 403 U.S. 602, 612-13 (1971); <u>Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah</u>, 508 U.S. 520, 533 (1993).

U.L.'s claims under the Equal Protection and Due Process Clauses of the Fourteenth Amendment likewise fail, because the laws neither target a suspect class nor impair the exercise of a fundamental right, and easily pass muster under rational basis review.  <u>See</u> <u>Romer v. Evans</u>, 517 U.S. 620, 631 (1996).

For the foregoing reasons, and finding no merit in U.L.'s other arguments, we hereby AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1]    Because remand is unnecessary, U.L.'s demand that Judge Griesa be disqualified from any future proceedings is moot.

3