Rasko v. N.Y.C. Admin. for Children's Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand eighteen.

PRESENT:  PIERRE N. LEVAL,
          GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
              *Circuit Judges.*

_____

JINAE RASKO,

                *Plaintiff-Appellant*,

        v.                                                    17-967

NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES,

                *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:                JINAE RASKO, *pro se*, New York, NY.

1

FOR DEFENDANT-APPELLEE:        ELLEN RAVITCH, Assistant Corporation
                               Counsel (Deborah A. Brenner, Assistant
                               Corporation Counsel, *on the brief*), *for*
                               Zachary W. Carter, Corporation Counsel
                               of the City of New York, New York, NY.

Appeal from a March 13, 2017, judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jinae Rasko, *pro se*, sued her employer, the New York City Administration for Children's Services ("ACS"), under Title VII of the Civil Rights Act of 1964 for discrimination based on her race (Asian), color ("non-Black"), and national origin (Korean), and for retaliation. The district court dismissed her complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I.  **Disparate Treatment**

A.  **Time Barred Claims**

The district court held that Rasko's claims relating to the allegedly discriminatory actions that took place before March 14, 2015, were time-barred by the applicable 300-day statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1); *Pikulin v. City Univ. of New York*, 176 F.3d 598, 599 (2d Cir. 1999) ("An employment discrimination claim must be filed with the [Equal Employment Opportunity Commission ("EEOC")] within 300 days of the alleged discrimination in a state, like New York, with a fair employment agency."). Rasko has abandoned her argument that the district court erred with respect to this holding by failing to raise it until her reply brief. *See JP Morgan Chase Bank v. Altos Hornos de*

2

*Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (applying rule of abandonment to *pro se* appellants).

Even if there were no abandonment, we would hold that the district court properly dismissed as untimely Rasko's claims relating to denials of her requests for leave in 2010 and 2012. Under Title VII, a plaintiff in New York must file a complaint with the EEOC within 300 days of a discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Pikulin*, 176 F.3d at 599. Claims concerning discrete acts outside this window will be time-barred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Here, Rasko filed a discrimination complaint with the EEOC on January 8, 2016. Therefore, any discrete acts of discrimination that occurred prior to March 14, 2015, 300 days before Rasko filed her complaint, are barred. Rasko argues that the three denials of leave that occurred in 2010 and 2012 were part of a continuing pattern with other discriminatory acts committed by her supervisor, Sharon Corse, in 2015 and 2016. We find no error in the district court's determination that the instances of denial of leave in 2010 and 2012 were time-barred. These were discrete acts and not part of a continuing pattern with the acts occurring three to five years later. Because Rasko failed to file an EEOC complaint within 300 days of those occurrences, they are no longer actionable. Accordingly, the district court properly dismissed those claims.

## B. Merits

Rasko's remaining disparate treatment claim alleged that Corse, an African-American, disciplined her in October 2015 after Rasko reported her African-American coworker, Fatimata Fonah, for violating office policy, and that Corse failed to discipline Fonah. To make out a prima facie case of discrimination under Title VII, a plaintiff has the burden of establishing that (1) she is a member of a protected class; (2) she performed the job satisfactorily or was qualified for the position; (3) an adverse employment action took place; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 767 (2d Cir. 2002). "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (citation omitted). Informal discipline, criticism, or counseling does not constitute an adverse act if no change in working conditions accompanies it. *See Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 86 (2d Cir. 2001) (holding that a notice of discipline that had no material effect was not adverse in the

3

context of disparate treatment and retaliation claims), *abrogated on other grounds by Morgan*, 536 U.S. at 108–14.

Rasko failed to allege any adverse employment actions. Although she described Corse's action in October 2015 as putting her on probation, the actual notice, attached as an exhibit to the amended complaint, does not reflect any disciplinary action. Rather, the notice explicitly states that Rasko would be expected to show that she understood a need for better office behavior and that further violations "may result in disciplinary action." Rasko does not allege any facts suggesting that her work conditions changed as a result of the notice. It therefore does not constitute an adverse action. *See Weeks*, 273 F.3d at 86. Accordingly, the district court properly dismissed Rasko's disparate treatment claim.

## II. Hostile Work Environment

Rasko asserts that she raised a hostile work environment claim based on Fonah's harassment and Corse's failure to correct it. To establish a hostile work environment claim, a plaintiff must show, *inter alia*, that "the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his or her work environment." *Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir. 2004) (citation and brackets omitted). A "[p]laintiff must show not only that she subjectively perceived the environment to be abusive, but also that the environment was objectively hostile and abusive." *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006). Minor workplace conflicts do not rise to the level of an objectively hostile workplace. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (stating that "the ordinary tribulations of the workplace, such as the sporadic use of abusive language," do not rise to a level constituting a hostile work environment (citation omitted)); *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999) ("Isolated, minor acts or occasional episodes do not warrant relief."). Rasko asserted only that Fonah was rude, threw documents on top of documents that Rasko was working on, and made noise (e.g., snoring, talking on the phone, etc.). This type of irritation does not rise to the level of an objectively hostile workplace. Accordingly, the district court properly dismissed the claim.

## III. Retaliation

Finally, the district court properly dismissed Rasko's retaliation claim. To plead a retaliation claim under Title VII, a plaintiff must allege: "(1) participation in a protected activity; (2) that [the employer] knew of [her] participation in that protected activity; (3) that [she] suffered an adverse employment action; and (4) that there exists a causal relationship between the protected activity and the adverse employment action." *Hicks v.*

4

*Baines*, 593 F.3d 159, 166 (2d Cir. 2010). To show an adverse employment action in the retaliation context, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in [the retaliation] context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). "Trivial harms" or "petty slights or minor annoyances" do not constitute materially adverse employment action. *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011) (citation omitted).

Rasko's complaints that Corse sent her a holiday email, was rude to her in a meeting, and "oddly" spoke to her about software changes and Corse's own vacation are nothing more than petty slights, if they are slights at all. Rasko also complains that she was denied leave twice in January 2016, once for sick time and the other for a partial day off for a doctor's appointment. However, the sick time request was ultimately approved and the denial of a partial day off does not constitute an adverse act. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25–26 (2d Cir. 2014) (holding that an employer's failure to give an employee a half day off for a doctor's appointment—even when combined with other actions—was insufficient to constitute an adverse employment action in the retaliation context).

We have considered all of Rasko's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5