22-887-cv
*Solomon v. Fordham University*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand twenty-three.

Present:

> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> EUNICE C. LEE,
>     *Circuit Judges.*

_____

ESTHER SOLOMON,

>         *Plaintiff-Appellant*,

>         v.                                                      No. 22-887-cv

FORDHAM UNIVERSITY ADMINISTRATION, ROSE HILL CAMPUS,

>         *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | ESTHER SOLOMON, *pro se*, New York, NY. |
| For Defendant-Appellee: | JENNIFER A. MCLAUGHLIN, Cullen and Dykman LLP, Uniondale, NY. |

Appeal from a March 29, 2022 judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the action is **REMANDED** for further proceedings consistent with this order.

Appellant Esther Solomon, a tenured associate professor at Fordham University's Gabelli School of Business ("Fordham"), proceeding *pro se*, brought claims against Fordham under the Equal Pay Act ("EPA"), Age Discrimination in Employment Act ("ADEA"), Title VII, and analogous New York State laws. Solomon claimed that Fordham paid her less than similarly situated younger, male, and non-Jewish, members of the predominantly male faculty, whom the university also allegedly favored for promotions. She further alleged that Fordham created a hostile work environment and, when she complained about the pay disparity, retaliated against her by, among other things, changing her teaching assignments and terminating her employment.

Across four decisions, the district court dismissed Solomon's federal claims under Fed. R. Civ. P. 12(b)(6), reasoning that she failed to allege sufficient facts to demonstrate that she had suffered adverse employment actions or to support an inference of discrimination. Having dismissed the federal claims, the district court declined to exercise supplemental jurisdiction over Solomon's state law claims. The court twice granted leave to amend, once plenary and once limited, so that Solomon could correct the identified deficiencies. *See Solomon v. Fordham Univ.*, No. 18-CV-4615 (ER), 2020 WL 1272617 (S.D.N.Y. Mar. 17, 2020) (dismissing the first amended complaint with leave to amend); *Solomon v. Fordham Univ.*, No. 18-CV-4615 (ER),

2020 WL 7711697 (S.D.N.Y. Dec. 29, 2020) (dismissing the second amended complaint with opportunity to move for leave to file the third amended complaint); *Solomon v. Fordham Univ.*, No. 18-CV-4615 (ER), 2021 WL 2292916 (S.D.N.Y. June 4, 2021) (granting limited leave to file the proposed third amended complaint to amend retaliation claims based on Fordham's discontinuation of Solomon's employee health benefits); *Solomon v. Fordham Univ.*, No. 18-CV-4615 (ER), 2022 WL 912056 (S.D.N.Y. Mar. 29, 2022) (denying reconsideration of the June 4, 2021 order, dismissing the third amended complaint, and closing the case). Solomon appealed. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

\*　　　　　　　　\*　　　　　　　　\*

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Collins v. Putt*, 979 F.3d 128, 132 (2d Cir. 2020) (quoting *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Complaints brought by *pro se* litigants are entitled to a particularly liberal interpretation. *See Darby v. Greenman*, 14 F.4th 124, 127 (2d Cir. 2021)

3

("We construe a *pro se* complaint liberally to raise the strongest arguments it suggests." (internal quotation marks omitted)).

**I.      Time-Barred Conduct**

In the district court's decision dismissing the first amended complaint, it found that any claim related to conduct that occurred before March 7, 2017 was time-barred because Solomon did not file her complaint with the Equal Employment Opportunity Commission ("EEOC") until January 11, 2018.   *Solomon*, 2020 WL 1272617 at *9; *see also Pikulin v. City Univ. of New York*, 176 F.3d 598, 599 (2d Cir. 1999) ("An employment discrimination claim must be filed with the EEOC within 300 days of the alleged discrimination in a state, like New York, with a fair employment agency." (citing 42 U.S.C. § 2000e-5(e))).   Because some pre-March 7, 2017 conduct formed the basis of, in relevant part, Solomon's hostile work environment, discrimination, retaliation, and disparate treatment claims, the time-bar impacted her ability to adequately plead those claims before the district court.

On appeal, Solomon challenges the district court's time-bar determination.   She contends that, despite the late EEOC filing, the time-bar is inapplicable to her hostile work environment claim and that, under this Court's precedent, background evidence relating to alleged misconduct may be considered in determining whether her other claims are adequately pled, even if that background evidence precedes the actionable time period.   Appellant's Br. at 59.   In the hostile work environment context, the Supreme Court has held that a "claim is composed of a series of separate acts that collectively constitute one unlawful employment practice," and thus "[i]t does not matter . . . that some of the component acts of the [claim] fall outside the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (internal quotation marks

4

omitted)). As a result, "a charge alleging a hostile work environment claim will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice *and at least one act falls within the time period*." *Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (alterations omitted and emphasis in the original). Beyond hostile work environment claims, "discrete discriminatory acts are not actionable if time barred," but an employee may still use related prior acts as "background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113. *See Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 150 (2d Cir. 2012) (applying this principle to evidence of disparate treatment and disparate impact claims); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 176–77 (2d Cir. 2005) (applying this principle to evidence of retaliation); *see also Petrosino v. Bell Atl.*, 385 F.3d 210, 220 (2d Cir. 2004) (applying this principle to evidence of promotion denials). In light of this Court's caselaw, Solomon's pre-March 2017 hostile work environment, discrimination, retaliation, and disparate treatment allegations must therefore be a part of our consideration of her otherwise timely claims.

## A. Solomon's Hostile Work Environment Claim

Here, even taking into account pre-March 2017 conduct, we affirm the district court's dismissal of Solomon's hostile work environment claim, chiefly because Solomon does not adequately plead that "the workplace [wa]s permeated with discriminatory intimidation, ridicule, and insult that [wa]s sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015) (internal quotation marks omitted). Her failure to do so is in large part due to the fact that her allegations concern events occurring over the course of 19 years, involving different individuals and varying kinds of incidents. *See id.* at 321 ("The incidents complained

5

of must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive."); *cf. Nat'l R.R. Passenger Corp.*, 536 U.S. at 120 (considering incidents before and after the limitations period to form the same actionable hostile work environment practice because they "involve[d] the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers").

### B. Solomon's Discrimination, Retaliation, and Disparate Treatment Allegations

The district court found that Solomon alleged insufficient adverse actions in support of her claims of discrimination, retaliation, and disparate treatment. In doing so, the court erroneously failed to take into account the background material of Fordham's actions beyond the statute of limitations. But that background material may be sufficient so that Fordham's actions could properly be viewed by a fact-finder as adverse. Accordingly, as to Solomon's remaining discrimination, retaliation, and disparate treatment allegations, we remand to the district court for further consideration as to whether, and how, relevant background information impacts Solomon's ability to meet the pleading standard for those claims.

## II. Unequal Pay

The district court also dismissed Solomon's claim of discrimination under the Equal Pay Act on the ground that the Solomon had not produced adequate comparators. "To prove discrimination under the Equal Pay Act, a plaintiff must show that: i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions." *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001) (internal quotation marks omitted). For the second prong, "a plaintiff need not demonstrate that her job is

identical to a higher paid position, but only must show that the two positions are substantially equal in skill, effort, and responsibility." *Id.* (internal quotation marks and alteration omitted). By contrast, a plaintiff alleging sex-based compensation discrimination under Title VII need not prove that she received less pay for the same work; she need only prove that "her employer discriminated against her with respect to her compensation because of her sex," such as by paying her less than they would have if she was male. *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 110–11 (2d Cir. 2019) (internal quotation marks and alterations omitted).

The district court erred in concluding that Solomon failed to identify similarly situated comparators, and thus did not sufficiently plead an EPA claim or a Title VII claim. As discussed above, she alleged that she and the tenured male professors were paid different wages, though they had the same job responsibilities, were subject to the same evaluation standards, and were in the same practice area (Management Systems).[1] *See Lavin-McEleney*, 239 F.3d at 480 ("Whether two positions are substantially equivalent for Equal Pay Act purposes is a question for the jury." (internal quotation marks omitted)). We therefore remand Solomon's equal pay claims, under both the EPA and Title VII, to the district court for further consideration.

**III.    Supplemental Jurisdiction and Leave to Amend**

The district court declined to exercise supplemental jurisdiction over Solomon's state claims (both statutory and common-law) because it had dismissed her federal claims. *See* 28 U.S.C. § 1367(c)(3). Since at least some of the federal claims may be reinstated upon further consideration by the district court, we vacate the portion of the court's judgment declining to

---

[1] Solomon alleges that Fordham redacted the comparators' names when it sent to her counsel a list of male professors' salaries, which may explain why she does not allege the specific job duties of each professor.

exercise supplemental jurisdiction and restore Solomon's state law claims for the time being. *See Rogoz v. City of Hartford*, 796 F.3d 236, 251 (2d Cir. 2015).

Finally, we find that the district court did not abuse its discretion in denying Solomon leave to further amend the properly dismissed federal claims. The district court permitted Solomon to amend at least three times, and she does not persuasively argue why she should be permitted to amend further. *See Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020).

*          *          *

For the reasons set forth above, we conclude that Solomon's disparate treatment, retaliation, and unequal pay claims should have survived the motion to dismiss. We therefore **AFFIRM** the judgment in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8